LeBLANC, Judge.
This is a suit by Wilda and Ira Dunaway, Jr., plaintiffs, against Delchamps, Inc., and Unareo Commercial Products, defendants, for damages for personal injuries Mrs. Wilda Dunaway received while shopping at Del-champs on January 18,1993. Plaintiffs challenge the trial court’s judgment rendered in conformity with a jury’s finding that the plaintiffs did not suffer any injuries as a result of the incident. We affirm.
On January 18, 1993, Mrs. Dunaway went to the Delchamps Store in Bogalusa, Louisiana, to do her weekly shopping. She selected a shopping cart and while shopping she selected a 12-paek of carbonated drinks. As she placed the drinks in the cart, the basket gave way and struck her on the knees.
Mrs. Dunaway did not report the incident. A Coca-Cola salesman who had assisted Mrs. Dunaway immediately after the incident informed a Delchamps’ employee, who reported the incident to the store manager. The manager sought out Mrs. Dunaway in the cashier’s line when she was checking out. She related the incident to the store manager but did not report any injuries. Mrs. Duna-way left the store with her purchased groceries and drove home.
Two days later, Mrs. Dunaway began receiving medical treatment Jfrom Dr. Wayne Lemaire, her regular physician. Dr. Le-maire had, on a regular basis, treated Mrs. Dunaway in the past for arthritis and pain in her knees. Upon examining Mrs. Dunaway, Dr. Lemaire found “very, very minimal” objective findings, with no redness or swelling to her knees. Dr. Lemaire treated Mrs. Dunaway conservatively and then referred her to Dr. Melvin Parnell, an orthopedist, in February, 1993. Dr. Parnell performed an arthroscopy and removed some cartilage from both of Mrs. Dunaway’s knees.
Mrs. Dunaway filed this suit against Del-champs seeking damages for her personal injuries and Mr. Ira Dunaway, Jr., plaintiff’s husband, sought damages for his losses, including loss of consortium. Delchamps named Unareo Commercial Products, manufacturer of the shopping cart, as a third-party defendant and the IgDunaways amended their petition to include Unareo. After a four day trial, the jury, in response to interrogatories, found the shopping cart presented an unreasonable risk of harm; however, the jury found the Dunaways suffered no injuries or damages as a result of the incident and found for the defendants. Plaintiffs have appealed. Plaintiffs assert the trial court erred as a matter of law in failing to find Mr. or Mrs. Dunaway suffered any injury or damage as a result of the January, 1993 incident at Delchamps.
La.C.C. art. 2317 provides, in pertinent part:
*409 We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
To recover under this theory, plaintiff must prove: 1) the thing which caused the damage was in the care, custody and control of defendant; 2) the thing contained a vice or defect which created an unreasonable risk of harm; and 3) the injuries were caused by the defect. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). In the instant case, the first two elements, custody and a defect which created an unreasonable risk of harm, are met. At the outset of the trial in this matter, Delchamps stipulated to the custody of the shopping cart alleged to have injured Mrs. Dunaway. In addition, the jury found the shopping cart was defective and posed an unreasonable risk of harm. However, the critical issue involves the third element, the causal relationship between the defect and plaintiffs’ injuries. The jury interrogatories included the following questions and answers:
Did the plaintiff, [Mrs.] Wilda Dunaway, suffer injuries as a result of the accident in question?
YES X NO
Did the plaintiff, [Mr.] Ira Dunaway, Jr., suffer damages as a result of the accident in question?
YES X NO
On review, a court of appeal may not set aside a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Ambrose v. New Orleans Police Amb. Serv., 93-3099, 93-3110, 93-3112, p. 7 (La. 7/5/94); 639 So.2d 216, 220. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
After carefully considering the record in its entirety, we find no manifest error in the findings of the jury and affirm. The testimony and evidence established conflicts and credibility questions within Mrs. Duna-way’s testimony. She testified to the sudden and violent movement of the cart upon her putting the 12-pack of drinks in the basket, yet she failed to even report the incident to a Delchamps’ employee. Mrs. Dunaway also testified to a collapse later during the day of the incident where she claims to have thought she would die yet she did not seek medical attention for two days or report this later collapse to her physician.
In addition, there was conflicting testimony concerning Mrs. Dunaway’s activity level, medical condition and weight before the incident at Delchamps, and conflicting testimony concerning the independent medical examination which was performed on Mrs. Dunaway by Dr. Robert Steiner. Dr. Steiner, an orthopedic surgeon who performed an independent medical evaluation of the plaintiff, testified the condition of Mrs. Dunaway’s knees was consistent with severe degenerative changes which existed before the incident. Although Mrs. Dunaway had been under Dr. Lemaire’s care for arthritis and knee pain for many years, she failed to provide this information to Dr. Parnell.
Therefore, applying the manifest error test in this case, there was a reasonable factual basis for the jury to conclude that plaintiffs failed to establish they had suffered any damage as a result of the incident. After a careful review of the record, we find the jury’s reasonable evaluation of credibility furnished a reasonable factual basis for its determination; therefore, the jury did not commit manifest error. IsFor the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs, Ira and Wilda Dunaway.
AFFIRMED.